## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Leonard Douglas Trout

September 2, 1996

Case No. CR96-1040

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant claims that the traffic roadblock at which he was stopped and charged with being an habitual offender was unlawful as it violated his state and federal constitutional rights against the unreasonable seizure of his person. The Commonwealth argues that the traffic roadblock and the Defendant's resulting arrest were proper. I agree with the Commonwealth.

I find from the evidence presented that the Roanoke City Police correctly implemented their department traffic check point operational directive or plan, which contained explicit, neutral limitations on the conduct of the individual officer when they set up and operated the roadblock at which the Defendant was arrested. The individual police officer had no discretion as to the location of the site nor as to which vehicles he was required to stop. The site was chosen in advance by the Patrol Supervisor, who was the sergeant in charge of the COPE Unit. This sergeant was also present at the scene to oversee and supervise the operation of the roadblock. The procedures to locate roadblock sites were set up by the Chief of Police. All of the potential thirty-six roadblock sites were maintained by the Commander of the Traffic Division and reviewed quarterly so that they were equally distributed throughout the city. The individual officers were limited at the roadblock to asking to see the operator's license of the drivers. All vehicles coming through the checkpoint were stopped. The officers had been instructed as to the safety procedures to follow. In all respects, the operation of the roadblock in question was

54

constitutionally appropriate as were the guidelines they used. The police documentation of their actions at the roadblock was adequate.

The Defendant's motion to suppress is denied.